Durham Telephone Company v. Commissioner.
Durham Tel. Co. v. Commissioner
Docket No. 10331.
United States Tax Court
1948 Tax Ct. Memo LEXIS 264; 7 T.C.M. (CCH) 49; T.C.M. (RIA) 48010; January 28, 1948
*264 Held, that the transactions here involved between petitioner and the holder of all its outstanding old bonds did not constitute purchase and sale transactions, but an exchange or substitution of new bonds for old as evidence of a continuing indebtedness between the same parties. Further, held, that the amount paid for premium and unamortized discount and expense upon retirement of the old bonds in 1941 is not deductible in full in that year, but should be amortized over the life of the new bonds issued in exchange for the old. South Carolina Continental Telephone Company, 10 T.C. 164 (Promulgated January 28, 1948), followed. Milton E. Carter, Esq., 1 N. La Salle St., Chicago 2, Ill., for the petitioner. Gene W. Reardon, Esq., for the respondent. TYSON Memorandum Opinion TYSON, Judge: This proceeding involves an income tax deficiency of $22,311.61 for the calendar year 1941 and an excess profits tax deficiency of $11,084.36 for the calendar year 1942 determined by respondent against petitioner, a North Carolina corporation which has its principal place of business at Durham, North Carolina, and which owns and operates telephone exchanges, properties, *265 and systems within that state. Petitioner kept its books on the accrual basis, and made its tax return for the period involved on that basis. The return was filed with the collector of internal revenue for the district of North Carolina. At the hearing and by agreement of counsel for the respective parties this proceeding was dismissed in so far as it relates to petitioner's income tax liability for the calendar year 1942. It is stipulated that petitioner is entitled to an additional deduction of $5,424.85 for amortization of defense facilities for the year 1942, and effect thereto will be given, under Rule 50, in the recomputation of petitioner's excess profits tax liability for that year. The only remaining issue herein involves the respondent's disallowance for the year 1941 of a deduction of $72,965.72, claimed as premium paid and unamortized discount and expense upon the retirement, in that year, ofpetitioner's first mortgage Series A bonds in the principal amount of $1,000,000. The proceeding was submitted upon the pleadings and a stipulation of facts including exhibits attached thereto. The stipulation is adopted as our findings of fact and included herein by reference. *266 Except as to such matters as the taxpayer involved, the dates of issuance and principal amounts of and rates of interest on its old Series A bonds and its refunding new Series B bonds, and the amount of the claimed deduction on account of premium paid and unamortized discount and expense upon retirement of the old Series A bonds, etc., the parties are agreed that the facts herein are in all essential respects similar to those involved in the proceeding South Carolina Continental Telephone Company, Docket No. 10212, which was heard on the same date as this proceeding and which involves a similar issue. We conclude, and so find, that the transactions carried out on July 11, 1941 pursuant to agreement between the petitioner and the John Hancock Mutual Life Insurance Company, whereby petitioner issued $1,000,000 principal amount of its new Series B bonds, under Article Four of the indenture of mortgage, for the purpose of refunding, and the simultaneous cancellation and retirement of an equal principal amount of old Series A bonds and further issued additional new Series B bonds in the principal amount of $250,000 under Article Six of the indenture of mortgage for the purpose of creating *267 a cash fund for physical property additions, constituted essentially an exchange or substitution of petitioner's new bonds or obligations for its old ones, to the extent of $1,000,000 principal amount for principal amount, as evidence of a continuing indebtedness between the same parties. , (Promulgated January 28, 1948), followed. On authority of the above cited case the respondent is sustained in his determination that the amount paid for premium and unamortized discount and expense upon retirement of the old bonds in 1941 is not deductible in full in that year, but should be amortized over the life of the new bonds issued in exchange for the old. As agreed by the parties herein, Decision will be entered under Rule 50.